HEARD, Judge.
This is a companion suit to No. 11,854, La.App., 262 So.2d 842. The suit is between the same parties and the issues are the same. In this suit the amount sued for is $804.04 and the work done and lien filed is on lot 353 instead of lot 358 as set forth in suit No. 11,854. In view of our findings and judgment rendered in No. 11,854 it is unnecessary to again recite our reasons for judgment.
The facts briefly stated are: Long Leaf Lumber, Inc., as owner, contracted with Hamilton D. Harper, d/b/a Harper & Company, to complete a partially constructed house on Long Leaf’s property. This contract was not recorded. The work on the house was completed and Oscar H. Bailey, allegedly a subcontractor of Harper’s, timely filed a lien against Long Leaf’s house and lot. After a correction, the lien filed by Bailey was in the sum of $804.04, Bailey in consideration of an indebtedness to Gifford-Hill & Company, Inc., assigned the account and lien to Gifford-Hill. Gif-ford-Hill brought this action against Harper and Long Leaf to collect the $804.04.
After trial, judgment was rendered in favor of Gifford-Hill against Long Leaf for $656.39. Harper was not cast in judgment apparently because he had been declared a bankrupt. The lien was not recognized in the judgment. Long Leaf perfected a devolutive appeal from this judgment and Gifford-Hill answered the appeal praying for an increase to $804.04.
Long Leaf specifies as error the following: (1) the trial court erred in finding that Oscar H. Bailey was a subcontractor entitled to a lien and personal rights against the owner of the property under LSA-R.S. 9:4812; and (2) the trial court erred in not ruling that Long Leaf would be entitled to a credit for any amounts which Oscar H. Bailey might receive as the result of his filing a proof of claim in the bankruptcy of Hamilton D. Harper, Jr.
For the reasons set forth in Suit No. 11,854 we find that Oscar H. Bailey was a subcontractor and is entitled to recover from the owner under LSA-R.S. 9:4812, and that Long Leaf Lumber, Inc. is entitled to a credit for any amounts they might receive from Harper’s bankruptcy proceeding which are attributable to Bailey’s work on Long Leaf’s house. We also, as did the trial judge, disallow the claim for a ten per cent profit but grant Gifford-Hill’s claim for 17% overhead expense on the labor. We hold that the total labor proved by Bailey is the sum of $656.39. 17% of this figure is $111.59 for a total of $767.98.
For the reasons stated, the judgment of the district court is amended and recast as follows:
It is ordered, adjudged and decreed that there be judgment herein in favor of Gifford-Hill Company, Inc. and against Long Leaf Lumber, Inc. in the amount of $767.98 with 5% per annum interest thereon from March 20, 1970 until paid, and for all costs of this suit; Long Leaf Lumber, Inc. is hereby reserved the right to claim a credit for any amounts paid to Oscar H. Bailey in the bankruptcy proceeding styled “In the Matter of House of Carpets, Inc., et al v. Hamilton D. Harper, Jr., No. 22806 in Bankruptcy”, United States District Court, Western District of Louisiana, Shreveport Division, attributable to Oscar H. Bailey’s work on the following property:
“Lot 353, Spring Lakes Estates, Unit No. 4, a subdivision of the City of Shreveport, Caddo Parish, Louisiana, as per plat recorded in Plat Book 1100, Pages 205, 207, 209 and 211 of the Conveyance Records of Caddo Parish, Louisiana, together with all buildings and improve- *848 merits located thereon and all rights thereunto belonging.”
Costs of this appeal are to be borne by-Long Leaf Lumber, Inc.